UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAY B. WELLS, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:03-CV-296 |
| ) | (Phillips/Shirley) |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Orders [Docs. 96, 104] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of Plaintiffs' Motion in Limine to Exclude Evidence of Comparative Tortfeasors Not Alleged in Defendants' Answers [Doc. 86] and Plaintiffs' Motion to Compel the Production of Financial Records [Doc. 99]. The undersigned conducted a hearing on these motions on April 5, 2005.

Plaintiffs move the Court to exclude any and all evidence or suggestion by the Defendants of any comparative fault on the part of any parties not alleged as comparative tortfeasors in the Defendants' Answers. [Doc. 86]. Defendants oppose Plaintiffs' motion, arguing that it is premature. [Docs. 90, 98].

The Court agrees with the Defendants that Plaintiffs' motion is premature. Pursuant to Paragraph 6(a) of the Scheduling Order [Doc. 35], the parties have until 120 days before trial to filed amendments to their pleadings or to add parties. The trial of this matter is currently set for January 9, 2006. The parties, therefore, have several months in which to amend their pleadings or

add parties, including comparative tortfeasors. Accordingly, Plaintiffs' Motion in Limine [Doc. 86] is **DENIED**. However, Plaintiffs shall have the right to renew such motion once the deadlines for amending pleadings and adding parties have passed.

Plaintiffs move to compel Defendant Burnett Demolition & Salvage Company, Inc. ("Burnett") to produce certain financial records, which Plaintiffs contend are relevant to their punitive damages claims. [Doc. 99]. Burnett opposes Plaintiffs' motion, arguing that such discovery would be improper as Plaintiffs have failed to provide a sufficient factual basis for their claim of punitive damages. [Doc. 100].

Under the Federal Rules, information is discoverable if it is "relevant to the claim or defense of any party" or if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may limit discovery upon a showing that the discovery sought is unreasonably cumulative, or duplicative, or is more easily obtainable from another source; that the party seeking discovery has had ample opportunity to obtain the information sought; or that the burden or expense of the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).

In Tennessee, punitive damages are recoverable "only in the most egregious of cases" and only where the plaintiff proves by clear and convincing evidence that the defendant engaged in intentional, fraudulent, malicious or reckless conduct. Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992). Here, the Plaintiffs claim that the requested discovery is relevant to their claim for punitive damages. Specifically, Plaintiffs claim that Burnett knew, or should have known, that the materials it dumped were hazardous, yet it still dumped such materials into a sinkhole that feeds the area's groundwater.

2

Under Tennessee law, punitive damages are assessed only after liability has been established. Id. Once liability is established, "[o]nly then will a defendant's 'financial affairs' and 'financial condition' be relevant to assess punitive damages." Cook v. Caywood, No. 04-2139-M1V, 2004 WL 3142221, at *2 (W.D. Tenn. Dec. 15, 2004). In Breault v. Friedli, 610 S.W.2d 134 (Tenn. Ct. App. 1980), the Tennessee Court of Appeals, adopting the following discovery procedure as set forth in Cobb v. Superior Court for Los Angeles County, 99 Ca. App. 3d 543, 160 Cal. Rptr. 561 (1980):

> [The Cobb Court] proposed that a plaintiff first take discovery on the underlying merits of the case. If it appears from the discovery on the merits that a factual basis for punitive damages exists, then the plaintiff is permitted to discover the defendant's financial condition. The court pointed out that the plaintiff need not prove the case for punitive damages during discovery. The plaintiff is not even required to show that there is a substantial likelihood of recovery. The plaintiff must only show that some factual basis for punitive damages exists.

Breault, 610 S.W.2d at 139.

The Court finds that the Plaintiffs have not yet shown a sufficient factual basis for punitive damages in this case. Accordingly, Plaintiffs' Motion to Compel the Production of Financial Records [Doc. 99] is **DENIED** at this time. However, Plaintiffs shall have leave to renew their motion if and when discovery and/or further investigation establishes a sufficient factual basis for punitive damages in this case.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3